IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-629-MOC-DCK

| | |
|---|---|
| DEBORAH W. MCCORKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| FNU BRIDGES, FNU SINGER CITY OF ) | |
| GASTONIA POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants Motion To Dismiss For Plaintiff's Failure To Prosecute And Failure To Comply With Court Order" (Document No. 18). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will respectfully recommend that the motion be <u>granted</u>.

## BACKGROUND

Deborah W. McCorkle ("Plaintiff" or "McCorkle"), appearing *pro se*, initiated this lawsuit with the filing of her "Complaint" (Document No. 1) on or about September 21, 2012. Plaintiff generally alleges that Officers Singer, Bridges, and/or other members of the Gastonia Police Department, have harassed her and/or violated her Fourth Amendment rights. (Document No. 1). Defendants' "Answer" (Document No. 11) was filed on November 6, 2012.

The parties' "Proposed Discovery Plan And Certification" (Document No. 12) was filed on November 14, 2012; and the next day the Court entered its "Pretrial Order And Case Management Plan" (Document No. 13). "Defendants Motion To Compel" (Document No. 14) was filed on March 12, 2013 asserting that Plaintiff had failed to file any response to

Defendants' discovery requests. Based on Plaintiff's failure to respond, Defendants also requested an extension of case deadlines on March 22, 2013. (Document No. 15).

The Court extended the case deadlines immediately on March 22, 2013; and on April 4, 2013, the undersigned issued an "Order" granting "Defendants Motion To Compel." (Document No. 17). The Court noted that Plaintiff had also failed to respond to Defendants' motion, and advised Plaintiff "that her continued failure to participate in discovery in this case may lead to sanctions, including dismissal of the lawsuit, pursuant to Federal Rules of Civil Procedure 37 (b)(2) and/or 41(b)." Id.

Defendants' pending "…Motion To Dismiss…" pursuant to Rules 37(b)(2) and 41(b) was filed on April 23, 2013. The Court issued a "Roseboro Notice" on May 1, 2013, advising Plaintiff that "[f]ailure to file a timely and persuasive response will likely lead to the dismissal of this lawsuit." (Document No. 19). To date, Plaintiff has failed to file any response to the pending motion to dismiss, or to seek additional time to do so.

## DISCUSSION

It appears that Plaintiff has failed to participate in the prosecution of her lawsuit since about November 2012. The record suggests that since the filing of a certification of initial attorney's conference, Plaintiff has had little, if any, communication with Defendants' counsel, and has refused to respond to discovery requests. Moreover, Plaintiff has apparently ignored warnings by this Court that she must respond to Defendants' discovery requests and motions, or risk sanctions, including dismissal of this lawsuit. See (Document Nos. 17 and 19).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendants Motion To Dismiss For Plaintiff's Failure To Prosecute And Failure To Comply With Court Order" (Document No. 18) be **GRANTED**.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 14, 2013

David C. Keesler
United States Magistrate Judge